UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LAURIE J. PRESLER

        Plaintiff,                           Case No.
                                         Honorable:
                                         Magistrate
v.
COUNTY OF NEWAYGO, a Municipal Corporation,
SHERIFF BOB MENDHAM, DEPUTY ANDREW BIRD,
SERGEANT JOHN BORGMAN, SERGEANT GABE SANCHEZ,
DEPUTY DOE 1, DEPUTY DOE 2
in their individual and official capacities,
        Defendants,
_____/
THE MICHIGAN LAW FIRM, PC
By: RACINE M. MILLER (P72612)
*Attorneys for Plaintiff*
135 N. Old Woodward Ave Suite 270
Birmingham, MI 48009
P: 844.464.3476 F: 248.237.3690
racine@themichiganlawfirm.com
_____/

<u>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY**</u>

NOW COMES the Plaintiff LAURIE J. PRESLER, by and through her attorneys, and for her Complaint against the Defendants, states as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action seeking to redress the wrongs committed in violation of the constitutional rights of Laurie Presler by Newaygo County, the Newago County Sheriff, and various officers/personnel employed at the Newaygo County Jail, pursuant to 42 USC § 1983. The said officers, acting at

all relevant times under the color of state law, demonstrated deliberate indifference to the serious risk of harm to Laurie Presler, in violation of her rights under the Eighth and Fourteenth Amendments to the United States Constitution, as well as state law. The actions taken against Plaintiff resulted in severe physical and emotional injury, monetary damage, distress, and also causing, but not limited to, humiliation, anxiety, permanent disfigurement and other physical ailments and emotional damages. Defendants' conduct is so egregious and outrageous and intentional, that Plaintiff seeks punitive damages.

2. Jurisdiction is conferred by 28 USC §'s 1331 and 1343(a)(3) and (4) and venue lies in the Western District of Michigan pursuant to 28 USC 1391(b). This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 USC §1367.

3. The amount in controversy exceeds seventy-five thousand dollars, excluding interest, costs and attorneys fees.

## VENUE

4. Venue lies in the Western District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of Newaygo, County of Newaygo, State of Michigan, which is located within the jurisdiction of the United

States District Court for the Western District of Michigan, Southern Division.

## PARTIES

5.  At all times relevant to this lawsuit, Plaintiff Laurie Presler was a resident of the City of Newaygo, County of Newaygo, State of Michigan.

6.  At all times relevant hereto, Defendant Newaygo County is was a municipal corporation organized and existing under the constitution and laws of the State of Michigan, duly organized in carrying on governmental functions in the County of Newaygo, State of Michigan, and one of the functions was to organize, operate, staff, train and supervise the jail operations at the Newaygo County Jail.

7.  Newaygo County is responsible for and does in fact hire, train, supervise and instruct its officers and/or jail personnel of all grades in the performance of their duties.

8.  At all times relevant hereto, Defendant Sheriff Bob Mendham, who is being sued in his individual and official capacity, is a resident of Newaygo County, Michigan and at all material times was the duly elected Sheriff in Newaygo County and head of the Newaygo County Sheriffs Office.

9.  At all times relevant hereto, Sgts. Borgman and Sanchez each were supervisory officers, a resident of Newaygo County, Michigan and at all material times were acting under the color of state law within the course

and scope of his employment as a deputy for the Newaygo County Sheriff's Department.

10. At all times relevant hereto, Deputies Andrew Bird, Doe 1 and Doe 2 each were a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a deputy for the Newaygo County Sheriff's Department.

11. At all times relevant hereto, Deputy Andrew Bird was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a deputy for the Newaygo County Sheriff's Department.

12. At all times relevant to this complaint, Defendants were acting within the scope of their employment and under color of law.

13. At all material times, Defendant Newaygo County employed all Defendant officers and is liable because its policies, practices, and customs, which were defective, resulted in injury to Plaintiff.

## GENERAL ALLEGATIONS

14. On or about December 19, 2019, Laurie J. Presler was housed in the Newaygo County Jail with inmates Jennifer and Carol, who were, upon information and belief, Federal prisoners.

15. Inmates Jennifer and Carol began to verbally and physically accost Plaintiff.

16. Plaintiff "flew a kite" or notified Jail Personnel, including, but not limited to, defendant Deputies Bird, Doe, and Doe, that she was requesting a transfer because of an immediate threat of harm posed by her cellmates.

17. After jail staff was notified, inmates Jennifer and Carol jumped on and began to severely beat Plaintiff and throw coffee at her.

18. Defendants Deputies Doe 1, Doe 2, and Bird yelled through the bars for the assailants to get off the Plaintiff, but did not open the door or break up the attack.

19. Upon information and belief, in the old part of the jail, the central office could not remotely open the door.

20. Upon information and belief, the key to the door was not readily accessible, extending the duration and severity of the attack.

21. Sergeant Gabe arrived with Deputy Doe 3 who had a key and released Plaintiff, taking her to the nurses' station.

22. Plaintiff sustained significant injuries, including facial bruising, loss of hair, "floating" bone in the check, neck injuries, back injuries, and head injuries.

23. Throughout her stay, Plaintiff asked to see a doctor from the attack, complaining of severe head, neck, upper back injuries, not feeling right, not thinking right, sick to the stomach, a dent in her nose and cartilage deformity on the left side of her face along with PTSD and anxiety.

24. On January 14 2019, Plaintiff kited to Sgt. Borgman, again seeking medical assessment and treatment for the injuries she sustained.

25. Plaintiff repeatedly notified Defendants, who did nothing.

26. Plaintiff repeatedly flew "kites" seeking medical treatment, and none was given.

27. It was obvious to a layperson that Plaintiff was suffering from a serious medical condition requiring immediate medical treatment.

28. The individually named defendants were aware of the risk of harm to Plaintiff and did nothing to prevent the attack.

29. Defendants denied Plaintiff's access to medical care.

30. Defendants released Plaintiff early to avoid provision of medical treatment.

31. Plaintiff has suffered permanent and irreversible injury which he would not have suffered had she been timely rehoused and/or received timely medical care.

32. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered serious and permanent injury as set forth in greater detail below.

## COUNT I - FEDERAL CONSTITUTIONAL VIOLATIONS

33. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

34. All the Defendants, at all times herein, owed Plaintiff the duty of protecting her federal constitutional rights, including the following guaranteed rights:

   a. the right to adequate medical attention while in custody of Defendants;

   b. the right to be free from bodily harm and injury caused unjustifiably while in custody of Defendants.

35. These Defendants, acting under color of state law, violated these rights by denying Plaintiff medical attention to a serious medical need in a reasonably foreseeable time after Plaintiff originally complained about the problem.

36. As a direct result of the Defendants' conduct, Plaintiff was caused to sustain severe, intractable, and constant pain for a period of weeks.

37. These actions, on the part of all Defendants, violated the United States Constitution, particularly the Eighth and Fourteenth Amendments, which is actionable pursuant to 42 USC §1983.

38. As a result of Defendants' actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: medical bills, great pain, mental anguish, emotional distress, disfigurement, embarrassment, and humiliation, permanent serious disfigurement and permanent scarring, and other permanent disabilities.

WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, in whatever amount she is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC §1988.

### COUNT II - DEFENDANT NEWAYGO COUNTY AND NEWAYGO COUNTY SHERIFF BOB MENDHAM VIOLATION OF FEDERAL RIGHTS

39. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

40. The Defendants, and each of them, owed duties to Plaintiff which included the duty to provide reasonable and adequate protection against serious risk of harm and to provide medical attention in a reasonably foreseeable time after Plaintiff's original complaints about being attacked. In addition, these duties include the duty to implement and monitor an adequate hiring and training program for all officers and deputies working at the Newaygo County Jail so that they would be capable of making decisions about the need for medical care which arose when there was not a health care professional present.

41. These Defendants failed in these above duties to adequately train detention facility/jail personnel, and historically have had a policy, custom,

and practice of failing to implement an adequate training program to properly train detention facility/jail personnel.

42. These Defendants adopted, ratified and/or implemented the policies, practices and procedures which denied Plaintiff safety and security in her person along with medical treatment within a reasonable period of time and did so with deliberate indifference to the risk of serious harm and Plaintiff's serious medical needs thereby violating Plaintiff's constitutional rights.

43. The acts and omissions of the Defendants taken pursuant to the de facto policies, practices and procedures, adopted, ratified and/or implemented by Defendants, impermissibly condoned and allowed for the denial of proper medical care and treatment to residents of the Newaygo County Jail, such as Plaintiff, which amounts to deliberate indifference in the denial of such detainees' civil rights as are guaranteed by the Constitution of the United States.

44. The aforesaid acts and omissions of Defendants were all committed under color of law and under color of their official authority as a County, County Department, County officers/employees and/or peace officers.

45. The acts and omissions of the Defendants constituted deliberate indifference to the serious and apparent medical needs of Plaintiff in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and, hence, are actionable under 42 USC §1983.

46. Despite Defendants' knowledge of the said illegal policies, practices and procedures, Defendants' supervisory policy making officers and officials or employees of Newaygo County, as a matter of policy, practice, and procedure, said Defendants:

   a. failed to take appropriate and necessary steps to discover and determine that said policies, practices and procedures had and would continue to result in injuries to Plaintiff and those similarly situated; specifically, Defendants failed to have a policy of assessing serious medical need for illnesses common to an ordinary person or, if having such policy, failed to enforce the same.

   b. failed to discipline and properly supervise the individual officers, deputies, and employees who engaged in the said acts pursuant to these policies, practices and procedures which resulted in Plaintiff's injury;

   c. failed to effectively train and supervise the said individual Defendants with regard to the proper constitutional and statutory limits of their authority;

   d. ratified said policies, practices and procedures which caused Plaintiff's injury through their deliberate indifference to the effect of said policies, practices and procedures on the constitutional rights of citizens such as Plaintiff;

   e. failed to formulate or adopt appropriate policies, practices and procedures to instruct and train employees and jail personnel in the implementation of such policies, practices and procedures to protect inmates similarly situated to Plaintiff;

   f. adopt and ratify policies, practices and procedures which constitute a violation of the United States Constitution, or played a significant causal role in denial of the constitutional rights of Plaintiff.

47. As a result of Defendants' actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: medical bills,

great pain, mental anguish, emotional distress, disfigurement, embarrassment, and humiliation, permanent serious disfigurement and permanent scarring, and other permanent disabilities.

WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC §1988.

## COUNT III - FEDERAL UNITED STATES CONSTITUTIONAL VIOLATIONS BY INDIVIDUAL DEFENDANTS

48. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

49. The individual Defendants owed a duty to Plaintiff as a resident detainee of the Newaygo County Jail to provide her with appropriate protections to her person and reasonable medical care upon being told of her medical complaints, including but not limited to:

    a. proper monitoring of Plaintiff's health and physical condition;

    b. maintaining keys or accessibility to the cell in close enough proximity to prevent or stop harm;

    c. regularly examining Plaintiff for signs and symptoms of medical illness or disease after he had made complaints regarding such;

    d. detecting signs and symptoms of Plaintiff's serious health condition and providing timely intervention of the same.

50. Despite the individual Defendants' knowledge of the ongoing suffering of the Plaintiff, they refused to take reasonable steps to provide for Plaintiff's safety and provide medical attention, at variance with constitutional standards as follows:

   a. failing to take heed of the seriousness of Plaintiff's complained of condition when they knew or should have known that the Plaintiff was suffering from a serious risk of harm and then a serious medical condition, which can be permanently disfiguring if the patient is not properly attended to;

   b. failing to prevent the attack on Plaintiff by promptly escorting her from the cell;

   c. failing to have Plaintiff evaluated by a medical professional within a reasonable time of her registering complaints of her condition while in the custody of Defendants;

   d. failing to have Plaintiff evaluated at the jail by a nurse, doctor and/or emergency medical service technician when she was in need of immediate medical attention and supervision.

   e. failing to transport Plaintiff to a medical facility within a reasonable time of her complaints;

   f. failing to investigate and communicate the severity of the risk of harm to Plaintiff when she was threatened in her cell and in the custody of the Newaygo County Sheriff's Department;

   g. failing to order Plaintiff immediate hospitalization and provide the necessary treatment for the well-known dangers regarding her complaint.

51. As a result of Defendants' actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: medical bills,

great pain, mental anguish, emotional distress, disfigurement, embarrassment, and humiliation, surgery and permanent serious disfigurement and permanent scarring, and other permanent disabilities.

WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC §1988.

## COUNT IV - STATE LAW VIOLATION--GROSS NEGLIGENCE

52. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

53. The individual Defendants owed a duty to Plaintiff as a detainee of the Newaygo County Jail to provide her with appropriate and reasonable protections against unreasonable risks of harm and to provide medical care consistent with the appropriate community standard, including but not limited to:

  a. Proper monitoring of Plaintiff's health and physical condition;

  b. Proper, appropriate and necessary diagnosis, treatment and care of her physical complaints;

  c. Regularly checking on Plaintiff's for signs and symptoms of risk of harm or medical illness; and

  d. Detecting signs and symptoms of a significant risk of harm or medical illness and attending to her complaints by referring her to the appropriate medical professional.

54. Despite the individual Defendants' multiple contacts with Plaintiff and her multiple complaints of pain in her head and other areas and the complaints of others in the cell with Plaintiff, the individual Defendants' refusal to take reasonable steps to provide her secure housing and medical attention and were grossly negligent in the following particulars:

  a. Failing to remove Plaintiff from a housing unit with a known risk of harm;
  b. Failing to provide reasonable access to retrieve inmates who are attacked or ill from that cell;
  c. Failing to provide Plaintiff with any medical care and attention even though she consistently complained of distress;

  d. Failing to monitor Plaintiff;

  e. Failing to check with a person with competent training and/or ability to diagnose Plaintiff's condition;

  f. Failing to transport Plaintiff to a medical facility or doctors office for evaluation and treatment;

  g. Failing to investigate and/or communicate the severity of Plaintiff's housing or medical condition to anyone; and

  h. Failing to follow the procedures implemented by the jail and/or failing to implement the proper procedures to take care of inmates such as the Plaintiff.

55. Based on the above facts plead in avoidance of governmental immunity, individual Defendants' conduct is exempt from governmental immunity pursuant to MCL 691.1407, because the individual Defendant's

conduct in withholding medical care for many days, then failing to monitor the Plaintiff was grossly negligent in that such conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury to Plaintiff resulted.

56. As a result of Defendants' actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: medical bills, great pain, mental anguish, emotional distress, disfigurement, embarrassment, and humiliation, permanent serious disfigurement and permanent scarring, and other permanent disabilities.

WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, in whatever amount she is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC §1988.

Respectfully submitted,

THE MICHIGAN LAW FIRM, PC
By: RACINE M. MILLER (P72612)
*Attorneys for Plaintiff*
135 N. Old Woodward Ave Ste 270
Birmingham, MI 48009
P: 844.464.3476 F: 248.237.3690
racine@themichiganlawfirm.com

Dated December 16, 2021

## JURY DEMAND

NOW COMES Plaintiff by and through counsel, and hereby demand a trial by jury of each and every matter at issue in the above-entitled cause.

                                                  Respectfully submitted,
THE MICHIGAN LAW FIRM, PC
By: RACINE M. MILLER (P72612)
*Attorneys for Plaintiff*
135 N. Old Woodward Ave Ste 270
Birmingham, MI 48009
P: 844.464.3476 F: 248.237.3690
Dated December 16, 2021          racine@themichiganlawfirm.com