UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>AURIE</small> P<small>RESLER</small>,

   Plaintiff,         Hon. Jane M. Beckering

v.              Case No. 1:21-cv-1066

N<small>EWAYGO</small> C<small>OUNTY</small>, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 32). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

   Plaintiff, then represented by counsel, initiated this action on December 17, 2021, against Newaygo County and several individuals employed at the Newaygo County Jail. (ECF No. 1). On March 28, 2022, the Court conducted a scheduling conference after which it entered a Case Management Order. (ECF No. 9-10). On June 7, 2022, Plaintiff's counsel moved to withdraw. (ECF No. 18). The Court set the matter for hearing and specifically ordered Plaintiff to "appear in person." (ECF No. 20, 23).

   Plaintiff failed to appear after which the Court issued to Plaintiff an Order to Show Cause directing her to appear "in person" to "show cause why she should not be held in civil contempt, or otherwise sanctioned, for her failure to appear as ordered by

the Court." (ECF No. 24-25). Plaintiff was expressly warned that "failure to appear at the show cause hearing, or other violations of a court order, may result in additional sanctions up to and including dismissal of her case." (*Id.*). Plaintiff appeared for the show cause hearing via video. (ECF No. 28). Satisfied with Plaintiff's explanation for her failure to appear, the Court dismissed the Order to Show Cause, but granted counsel's motion to withdraw. (*Id.*).

One month later, the Court issued an Order which it mailed to Plaintiff at the address she previously provided to the Court. (ECF No. 30). This item was returned, however, because Plaintiff was no longer at the address in question and the item could not be forwarded because Plaintiff failed to provide a forwarding address. (ECF No. 31). In the six months since, Plaintiff has failed to update her address with the Court or otherwise participate in this matter. Moreover, various attempts by defense counsel to contact Plaintiff via telephone and email have been unsuccessful. (ECF No. 32 at PageID.117-19).

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b); *see also*, W.D. MICH. LCIVR

41.1 ("[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution").

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice. Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." At least six months have passed since Plaintiff's address changed and Plaintiff has still failed to update her address with the Court. Plaintiff's failure constitutes willful disregard of the Court's rules which prejudices Defendants' ability to defend against Plaintiff's claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

While Plaintiff has not previously been warned by the Court that dismissal of her claims might result from her refusal to comply with the aforementioned rule, this Recommendation will serve as such a warning and affords Plaintiff an opportunity to contest the recommendation that dismissal is appropriate. Accordingly, the

undersigned recommends that Plaintiff's claims be dismissed with prejudice for Plaintiff's failure to prosecute her claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (ECF No. 32), be granted, Plaintiff's claims be dismissed with prejudice, and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date: January 20, 2023          /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge