UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE J. PRESLER,

    Plaintiff,

v.

COUNTY OF NEWAYGO, et al.,

    Defendants.

_____/

Case No. 1:21-cv-1066

HON. JANE M. BECKERING

## ORDER

This is a civil rights action filed under 42 USC § 1983.  Defendants Newaygo County, Bob Mendham, Andrew Bird, John Borgman, and Gabe Sanchez filed a Motion to dismiss (ECF No. 32).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (ECF No. 35) on January 20, 2023, recommending that the motion be granted, Plaintiff's claims be dismissed with prejudice, and this action be terminated.  The Report and Recommendation was duly served on the parties that have appeared in this matter to date.[1]  No objections have been filed.  *See* 28 U.S.C. § 636(b)(1).  The Court will approve and adopt the Report and Recommendation.

Further, although neither the motion to dismiss (ECF No. 32) filed by Defendants Newaygo County, Mendham, Bird, Borgman, and Sanchez, nor the Report and Recommendation explicitly addressed Defendants "Unknown Party #1 Deputy Doe 1," and "Unknown Party #2 Deputy Doe

---

[1] Service of the Report and Recommendation on Plaintiff was returned, marked "return to sender," "not deliverable as addressed," "unable to forward," and "not in this jail" (ECF No. 36).  Plaintiff has failed to keep the Court apprised of her current address.  W.D. Mich. LCivR 41.1.

2" (collectively, "Unknown Deputy Defendants"), the Court, in its discretion, will dismiss Plaintiff's remaining claims against Unknown Deputy Defendants.

In considering dismissal of Plaintiff's remaining claims in this case, the Court is mindful of the competing concerns in imposing such a serious sanction and has considered the four factors the Sixth Circuit set forth as relevant in guiding this decision: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted).

First, as noted in the Report and Recommendation, Plaintiff has failed to keep the Court apprised of her address or otherwise participate in this matter (R&R, ECF No. 35 at PageID.131). Since the inception of this case, Plaintiff has simply failed to prosecute this action against the unidentified deputies.[2] Second, reopening discovery and imposing an additional round of briefing to litigate claims against persons whom, to date, remain wholly unidentified, would unfairly prejudice Defendants Newaygo County, Mendham, Bird, Borgman, and Sanchez, and burden this Court's docket management. Third, this Court has attempted to provide Plaintiff notice that Plaintiff's failure to keep the Court apprised of a current address and failure to comply with the

---

[2] Unknown Deputy Defendants have not yet appeared in this case. Plaintiff filed her Complaint on December 17, 2021. Although more than one year has passed since the filing of the Complaint, Plaintiff has failed to serve the Unknown Deputy Defendants. In addition, Plaintiff has made no effort to identify or name these defendants. Discovery has been closed for more than three months. *See* FED. R. CIV. P. 4(m) ("[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . after notice to plaintiff . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

Court's rules would result in dismissal of her claims (*id.* at PageID.132).³  Therefore, having considered all possible and lesser sanctions, and without means to reach Plaintiff, the Court determines that the dismissal with prejudice of Unknown Deputy Defendants is also appropriate and warranted in the circumstances at bar (*see id.* at PageID.131–132); FED. R. CIV. P. 41(b); W.D. Mich. LCivR 41.1; *see also Dudley El v. Michigan Dep't of Corr.*, No. 17-2288, 2018 WL 5310761, at *3 (6th Cir. May 23, 2018) (Order) (holding that "although the district court had not previously imposed less drastic sanctions on [the plaintiff] concerning his failure to perfect service on the remaining defendants, '[the Sixth Circuit] ... has never held that a district court is without power to dismiss a complaint, as the first and only sanction ... and is loathe to require the district court to incant a litany of the available lesser sanctions'").

Therefore:

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 35) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to dismiss (ECF No. 32) is GRANTED for the reasons set forth in the Report and Recommendation.  Defendants Newaygo County, Bob Mendham, Andrew Bird, John Borgman, and Gabe Sanchez are DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants "Unknown Party #1 Deputy Doe 1," and "Unknown Party #2 Deputy Doe 2" are DISMISSED WITH PREJUDICE for lack of prosecution.

A Judgment will be entered consistent with this Order.  *See* FED. R. CIV. P. 58.

Dated: February 21, 2023                                                /s/ Jane M. Beckering
                                                                               JANE M. BECKERING
                                                                               United States District Judge

---

³ The Court also warned Plaintiff that failure to participate in this matter would result in possible sanctions, including dismissal of her claims in June 2022 (*see* ECF No. 25).